## LANGLEY V. LANGLEY.

1. PLEADING: *Pleading over: Effect of.*
   When a demurrer is sustained to an answer at law, and the defendant, without excepting, files another answer, he thereby abandons the first.

2. WIDOW: *Right to enforce trust in favor of deceased husband.*
   To an action of ejectment against a widow, she answered that her husband held the land in his life under an executory contract for a conveyance upon payment of the purchase price; that he had paid a part, and afterwards, while *non compos*, the plaintiff, who was his son, had fraudulently procured him to assign the

Langley v. Langley.

contract to him, and he (the plaintiff) paid the residue out of the rents and personalty of her husband's estate, and obtained a deed from the vendor; and she prayed for a transfer of the cause to the equity docket, that the plaintiff be declared a trustee, holding the title for the use of the decedent's estate, to be administered upon as part of his estate, and for other relief. HELD: Upon demurrer, that the answer showed no right of dower or homestead in the widow, and no right to enforce the alleged trust. That the deed of a lunatic was not void, but voidable only by his heirs, or personal representatives, or a subsequent purchaser from him.

APPEAL from *Clark* Circuit Court.

Hon. H. B. STUART, Circuit Judge.

*Dan W. Jones* for Appellant.

As to first ground of demurrer, appellee, in bringing his action of ejectment, must rely on the strength of his own title, and not on the weakness of appellant's. This is a fundamental principle, about which there is no conflict in the authorities. *Daniel, et al., v. LeFevre, 19 Ark., 202.* Party in possession of property, as well land as personal property, is considered to be the owner until the contrary is proved. *Ib.* Appellee recognized appellant's possession by bringing the action of ejectment against her. *Coleman v. Hill, 44 Ark., 452, 458.* Appellant being in possession, and being the widow of J. B. Langley, the holder of the bond for title, which is alleged in the answer to have been fraudulently obtained by appellee, certainly discloses sufficient interest in the subject matter of this suit to entitle her to relief against appellee. The code of practice does not require presumptions of law to be pleaded. *Sec. 5062, Mansf. Dig.* The court judicially knows that the widow of a deceased person has an interest in his lands. Appellee's deed, having been obtained by fraud, is void, *Strayhorn v. Giles, 22 Ark., 521*; leaving the title in appellant's husband, and her right to dower therein, absolute, *Tate and wife v. Jay, et al.,*

Langley v. Langley.

*31 Ark., 579*; a legal title in the husband not being necessary. *Kirby v. Van Trece, 26 Ark., 368.*

As to the second ground of demurrer—defect of parties defendant—this, certainly, was no ground for demurrer. If the court below could not determine the matter in controversy between the parties before it, without the presence of other parties, it should have ordered them to have been brought in. *Sec. 4945, Mansf. Dig.; Theurer, et al., v. Brogan, et al., 41 Ark., 88, 92, 93.*

No such suggestion or order was made by the court, nor any opportunity given her to do so. Appellant being in possession, and having a dower interest, could defend against a fraudulent claimant. The answer denies that appellee is the owner entitled to possession. This is an issue of fact. *Mansf. Dig., Sec. 5025.* If defectively stated, a demurrer could not reach it, but a motion to make more specific should have been made. *31 Ark., 657; Ib., 379.*

Appellee's deed was obtained by a fraud and void. *38 Ark., 428; 40 Id., 28; 22 Id., 521.*

The Appellee *pro se.*

Appellant should have filed exceptions to title of appellee. *Mansf. Dig., Secs. 2632–33.*

The law will not relieve either party from an executed contract, made to defraud creditors. *Payne v. Bruton, 10 Ark., 53; Ringgold v. Waggoner, 14 Ark., 69.*

Appellant does not state that a homestead has never been set apart to her, but that dower has not been allotted to her. This she should have done.

The allegations and statements of appellant's answer and amendments and substituted answer are contradictory, in this :

1. She states that the transfer was made to cheat, hinder and delay creditors.

2. That appellee was, as soon as he obtained a deed from railroad company, to make appellant's husband a deed.

3. Appellant's husband's mind and mental faculties were so impaired as to render him unfit for business.


SMITH, J. This was an ejectment for 124 19-100th acres of land; the plaintiff relying upon a conveyance from the St. Louis, Iron Mountain and Southern Railway Company. After several successive answers had been held insufficient upon demurrer, the defendant filed an amended and substituted answer, in which she denies plaintiff's ownership and right of possession of the lands mentioned in his complaint, and states that her late husband, J. B. Langley, during his lifetime, and about the year 1874, contracted with the C. & F. R. R. Co., which then owned these lands, for the purchase thereof, and received from said company an instrument in writing, commonly known and designated as a bond for title, or conditional sale, wherein said company obligated itself to convey said lands to her husband, upon his payment of the sum of $585.85, in certain instalments; that he paid $344.59 of this amount, and afterwards became afflicted with paralysis, which so impaired his mental faculties as to render him unfit to transact business, or to be responsible upon any contract which he might make; that while in this condition of mental imbecility, the plaintiff, who is the son of her husband by a former wife, and who fully knew his said father's condition of mind and body, fraudulently and wrongfully induced him to transfer and assign all his right, title, claim and interest in said bond for title to him, and afterwards paid the remaining instalments of purchase money due thereon, out of the fruits of the labor of defendant and her minor children, the

rents of the lands belonging to her said husband's estate, and the personal property belonging thereto, and received from the St. L., I. M. & S. R'y Co., which had succeeded to all the rights and title of said C. & F. R. R. Co. in said lands, the deed of conveyance exhibited with the complaint. The prayer of said amended and substituted answer is, that the cause be transferred to the equity docket; that plaintiff's title to the lands in controversy, by virtue of the deed executed to him, be decreed to be in him in trust for the use and benefit of the estate of said J. B. Langley, deceased, to be administered upon according to the statute in such cases made and provided; that said answer be taken as a cross-complaint against plaintiff, and he be required to answer the same, in default of which it be taken as confessed; that plaintiff's complaint be dismissed, and for other relief.

To this plea the plaintiff demurred, because, first, the defendant has no such interest in the subject matter of this suit as would entitle her to the relief prayed for; and, second, because there is a defect of parties, in this, that the heirs of the deceased J. B. Langley are not made parties; and, third, because the answer does not state facts sufficient to constitute a cause of action.

The court below sustained this demurrer, the defendant excepted, and declined to plead further, judgment went for plaintiff for possession of the lands, and the defendant excepted and prayed an appeal to this court.

1. Pleading over: Effect of. The sufficiency of the final answer is the only question presented. No exceptions were taken to the action of the court upon the previous answers, and the defendant by pleading over abandoned them.

2. WIDOW:— Right to enforce trust in favor of deceased husband. Notwithstanding the general denial of plaintiff's title, the answer is in confession and avoidance; that is, it admits the plaintiff's title, but seeks to avoid it by an allegation that his father, through whom he obtained it, was a person of unsound

mind. The defendant sets up no title in herself. She is the widow of J. B. Langley, who once had an equitable estate in the lands by reason of an executory contract of purchase with the railroad company. But she does not claim either homestead or dower. The answer does not aver that the lands ever constituted her husband's homestead, nor that she has no separate homestead of her own. Neither does the answer show a title outstanding in another. For aught that appears to the contrary, the plaintiff may be the sole heir of his father.

Now the deed or contract of a lunatic is not absolutely void. It may be avoided by his heirs, or his personal representatives, or a subsequent purchaser from him. *Breckinridge's heirs v. Ormsby, 1 J. J. Marshall, 236.* But the widow does not stand in such a relation of privity in blood or representation as to entitle her to enforce a trust against a third person in favor of her deceased husband.

The defendant, in short, has shown no interest whatever in the premises in controversy. She does not even show a right of dower; for her husband never had a legal title. But even if she were a dowress, whose dower had not been assigned, in these lands, she could not resist a recovery by her husband's grantee. She must defer her proceeding for dower until the invalidity of the plaintiff's deed has been established in a proceeding set on foot by those upon whom the law has conferred the right of action. Her interest is, in any event, too remote and indirect to enable her to be the actor in such a controversy, or to defend successfully against the holder of the legal title.

Affirmed.