Filed Sept. 29, 1892.

---

No. 531.

## Boos et al. *v.* Morgan.

Injunction.—*Action on Undertaking.—Complaint.—Demurrer.*—In an action on an undertaking to pay the defendant in an injunction suit all his damages and costs accruing by reason of the injunction or restraining order if the injunction should not be sustained, the sufficiency of the complaint can not be raised by a demurrer not addressed to the complaint but to the assumed breaches set forth therein.

From the Huntington Circuit Court.

*B. F. Ibach, B. M. Cobb* and *C. W. Watkins,* for appellants.

*J. B. Kenner* and *N. S. Lesh,* for appellee.

Black, J.—This was an action upon an injunction bond, or undertaking, to pay all damages and costs which might accrue by reason of the restraining order or injunction in a suit brought by the appellant Boos, the principal in the undertaking, against the appellee and the sheriff, to enjoin the execution of a sheriff's deed of conveyance of land upon a sheriff's certificate of sale held by the appellee.

It is assigned here that the court erred in overruling a demurrer to the complaint.

The demurrer, omitting its caption and the signatures of attorneys, was as follows:

"Come now the defendants, and jointly and severally demur to each of the breaches in said bond severally, and for grounds of demurrer each says, that the first breach as-

Boos *et al. v.* Morgan.

signed does not state facts sufficient to constitute a cause of action on said bond; and as to the third breach assigned for grounds of demurrer says that the said assignment of said breach does not state facts sufficient to constitute a cause of action on said bond."

It seems to have been thought by counsel that the complaint stated at least three breaches, and they demurred, not to the complaint, but to each of the assumed breaches, stating a supposed ground of demurrer to the first and third.

The contract sued on was an undertaking to pay the defendant in the injunction suit all his damages and costs accruing by reason of the injunction or restraining order if the injunction should not be sustained, and it became absolute, and a cause of action thereon for such damages and costs accrued, when the injunction was dissolved as alleged in the complaint.

Counsel do not clearly indicate in their brief what they suppose to be separate breaches, but it may be gathered from the argument that they so regard the allegations of the complaint which show how the appellee was damaged by the injunction.

The question as to the sufficiency of the complaint was not properly raised. The demurrer might have been struck out on motion. There was no error in overruling it. See *Boden* v. *Dill*, 58 Ind. 273.

The judgment is affirmed.

Filed April 26, 1892; petition for a rehearing overruled Sept. 17, 1892