Filed Feb. 19, 1895.

———————◆———————

No. 17,192.

## Boos *v.* Morgan et al.

JUDGMENT.—*When Enforcement can not be Enjoined.*—*Jurisdiction.*—The enforcement of a judgment rendered in an action in which the court had jurisdiction of the persons and the subject-matter, and which has been affirmed on appeal, can not be enjoined.

SAME.—*Reversal of Original Judgment on Appeal.*—*Effect on Subsequent Judgment.*—The fact that the original judgment in the case in which the injunction bond was given, and on which the subsequent action was based, was reversed on appeal, can have no bearing on the enforcement of the subsequent judgment.

From the Huntington Circuit Court.

*B. F. Ibach, C. W. Watkins* and *B. M. Cobb*, for appellant.

*J. B. Kenner* and *U. S. Lesh*, for appellees.

HOWARD, J.—On the 12th day of November, 1886, the appellant brought suit against the appellees, Morgan and others, to enjoin the issuance of a sheriff's deed for certain real estate owned by appellant. A demurrer to the complaint in that action was sustained and the temporary restraining order theretofore issued was dissolved. On appeal, the ruling of the court in sustaining the demurrer was reversed. *Boos* v. *Morgan*, 130 Ind. 305.

Afterwards, on the 15th day of February, 1890, the appellee Morgan began suit against the appellant on the injunction bond given in the former suit, alleging that

the restraining order had been dissolved; that it had been wrongfully obtained; that he had suffered damage, etc.   In this suit judgment was given in favor of the appellee Morgan.   This judgment was affirmed in the Appellate Court.   *Boos* v. *Morgan*, 5 Ind. App. 218.

The present suit is to enjoin the enforcement of the latter judgment.   The court sustained a demurrer to the complaint.

The ruling of the court was unquestionably right.   In the very case to which we are cited by counsel for appellant, *Thompson* v. *Reasoner*, 122 Ind. 454, it is said by Judge MITCHELL:   "The general principle is well settled, that a subsisting judgment of a court which had jurisdiction of the persons and subject-matter is binding at least upon all who were parties, and constitutes a sufficient justification for all acts done in its enforcement until it is reversed or set aside by competent authority. *Gray* v. *Brignardello*, 1 Wall. 627; Freem'. Judgm., section 482; Wait Fraud. Conv. (2d ed.), sections 443, 444. A judgment regularly given, although it may be erroneous, is nevertheless the act of the court, and anyone who proceeds to enforce it may avail himself of its protection until it is reversed."

There is no question that in rendering the judgment, the enforcement of which is herein sought to be enjoined, the court had jurisdiction of the persons and of the subject-matter.   Moreover, that judgment, on appeal, was affirmed.

The circumstance that the original judgment, rendered in the case in which the injunction bond was given, was on appeal reversed, has no bearing on the enforcement of the subsequent judgment.   While the pendency of that appeal might, perhaps, in the discretion of the court, have been interposed for stay of proceedings in the second case, yet, even then, if the court rendered

judgment in disregard of the application, that would not make the judgment so rendered void and subject to this collateral attack.

The judgment is affirmed.

Filed Feb. 28, 1895.