## NOWLIN ET AL. *v.* STATE, EX REL. BOARD OF COMMISSIONERS.

[No. 3,579. Filed January 13, 1903.]

COUNTY AUDITOR.—*Action on Bond.*—*Complaint.*—*Paragraphs.*—In an action on the bond of a county auditor to recover money alleged to have been illegally allowed and paid to the auditor by the board of county commissioners, it is not necessary that there should be a separate paragraph of complaint for each item sued for. *p. 279.*

PLEADING.—*Motion to Paragraph.*—*Harmless Error.*—The overruling of a motion to require plaintiff, in an action on a county auditor's bond, to number the separate specifications of breaches of the bond is not reversible error, where each breach could have been tested by demurrer or a motion to strike out. *p. 279.*

COUNTY AUDITOR.—*Action on Official Bond.*—*Parties.*—In an action on the official bond of a county auditor to recover money illegally allowed and paid to such officer, the action is properly brought by the State on the relation of the board of county commissioners. *p. 280.*

APPEAL.—*Demurrer to Special Answer.*—*Withdrawal of Denial.*—The effect of the withdrawal of a general denial after a demurrer to a special answer has been sustained is the same as if the denial had not been withdrawn. *p. 281.*

From Dearborn Circuit Court; *N. S. Givan,* Judge.

Action by the State of Indiana on the relation of the board of commissioners of Dearborn county against Ambrose E. Nowlin and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*G. M. Roberts* and *W. R. Johnston,* for appellants.
*W. N. Hauck,* for appellee.

COMSTOCK, J.—The State, on relation of the board of commissioners of the county of Dearborn, brought this action against Ambrose E. Nowlin as principal, and the other appellants as sureties, upon the official bond of said Nowlin as auditor of said county, to recover certain sums of money alleged to have been received by said Nowlin, while auditor, from the treasury of said county, to which he was not legally entitled. There was a general finding and judgment against appellants for $3,054.56.

The action of the court in overruling appellants' motion to separate the complaint into separate paragraphs, or separate assignments of the alleged breaches of the bond sued on, and to number them, is the first specification of error discussed.

The plaintiff sought to recover on the bond certain sums of money claimed to have been received from said county and used by said Nowlin while auditor, and charged in the complaint to have been unlawfully received; basing said charge on his alleged failure to have his claims therefor, on which allowances were made, on file in the auditor's office five days before the regular or special session of said board of commissioners at which said claims were allowed.

It is also alleged that certain sums were illegally charged and collected by said Nowlin; the claim of illegality being based upon the charge that certain services per-

formed by him in indexing the commissioners' records were not accurately or skilfully done, and that there were mistakes and omissions in said indexing; also that certain sums received by said auditor were illegally received for services; the charge of illegality being based upon the alleged fact that no indispensable public necessity existed for said services.

It is also sought to recover certain sums claimed to have been illegally received by said auditor from said county, because the services for which said sums were allowed were a part of the official duties of said auditor, covered by his regular salary, and for which no additional or extra pay could be charged by said auditor; also that certain sums were illegally received by said auditor; basing such claim of illegality upon the charge that he collected and appropriated certain fees, and that he procured receipts from the county treasurer showing the payment of said fees to said treasurer, and claiming that he had issued to himself for each receipt a quietus, and claiming that he thereby obtained money from said county illegally. All of the alleged causes of action are charged in one paragraph. The items set out in the complaint are all alleged breaches of the bond. It was not necessary that there should be a separate paragraph for each item. *McFall* v. *Howe Sewing Machine Co.,* 90 Ind. 148; *Smiley* v. *Deweese,* 1 Ind. App. 211; *Sheetz* v. *Longlois,* 69 Ind. 491. Appellants admit this proposition, but insist that the motion to number the separate specifications of breaches should have been sustained. As a matter of convenience the motion should have been sustained; but inasmuch as the appellants could have tested each breach by filing a demurrer thereto, or a motion to strike out in the same manner as if each had been contained in a separate paragraph or assignment, the error was not one for which there should be a reversal of judgment. *State, ex rel.,* v. *Roche,* 94 Ind. 372; *Mustard* v. *Hoppess,* 69 Ind. 324; *Colburn* v. *State, ex rel.,* 47 Ind.

310; *Boden* v. *Dill,* 58 Ind. 273; *Hilton* v. *Mason,* 92 Ind. 157; *Boos* v. *Morgan,* 5 Ind. App. 218.

Appellants contend that the demurrer to the complaint should have been sustained, because there is no statute authorizing the action to be brought by the State, on the relation of the board of commissioners. Section 253 Burns 1901 provides that "Actions upon official bonds; and bonds payable to the State shall be brought in the name of the State of Indiana, upon the relation of the party interested." The county is the party interested in the action, because its funds have been diminished by the acts of the auditor alleged to have been illegal, and the board of commissioners is, therefore, the proper relator. *Graham* v. *State, ex rel.,* 66 Ind. 386.

The remaining specifications of error question the action of the court in sustaining demurrers to the second, third, and fourth paragraphs of answer to the complaint. The second paragraph is a partial answer. It sets forth an entry of the proceedings of the board of commissioners employing appellant Nowlin to procure a suitable index, and to index the commissioners' records for twenty-five years. The part of the complaint to which this answer is addressed alleges that no indispensable public necessity existed for such index. The order of the board does not show that such necessity existed for said index.

The third paragraph of answer is also a partial answer, and is to that part of the complaint which seeks to recover money allowed and paid the auditor for assisting experts in the examination of the records. In this paragraph it is alleged that the board found and entered of record the fact of indispensable public necessity for indexing, and a copy of the entry is set out in the answer. It is also alleged that there was in fact such necessity, and facts are alleged showing the necessity for an examination of the public records. It is shown by the answer that appellant did the work in pursuance of the contract, presented his account

therefor, and that the sum allowed and paid was just and reasonable.

The fourth paragraph of answer is addressed to that part of the complaint which alleges the wrongful charge by and payment to said Nowlin for "bringing up work in arrears on commissioners' records, tax duplicates, making transfer book, and indexing."

A general denial was filed, but withdrawn after the court had sustained demurrers to the foregoing special answers. The question of the court's ruling upon the special answers is the same as though the general denial had not been withdrawn. *Strattan* v. *Elliott*, 83 Ind. 425; *Kidwell* v. *Kidwell*, 84 Ind. 224; *Board, etc.,* v. *State, ex rel.,* 148 Ind. 675.

The theory and gravamen of the complaint was that the auditor had illegally received and appropriated to his own use the various sums charged therein. Any facts tending to show that he was justly and legally entitled to recover the sums charged,—and the facts set out in said answers had that tendency,—were admissible under the general denial. There was no error in sustaining the demurrers.

No attempt is made to bring the evidence to this court.

Judgment affirmed.