CORCORREN *v.* SHARUM.

Opinion delivered January 19, 1920.

1. VENDOR AND PURCHASER—EXECUTORY CONTRACT.—One purchasing land by an executory contract became the equitable owner.

2. VENDOR AND PURCHASER—ASSIGNMENT OF CONTRACT.—An executory contract for the purchase of land is assignable in equity and under Kirby's Dig., § 509, making all agreements in writing for the payment of money or property or both assignable.

3. DOWER—LAND PURCHASED UNDER EXECUTORY CONTRACT.—A widow is not entitled to dower in land purchased by her husband by executory contract, as against his vendor.

4. VENDOR AND PURCHASER—LIEN AS MORTGAGE.—A vendor's lien is treated in equity as a mortgage and enforced as such.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Chancellor.

STATEMENT OF FACTS.

T. J. Sharum brought this suit in equity against C. O. Corcorren, Bettie Corcorren, Lizzie Burel and A. P. Hager, to foreclose a vendor's lien on certain lands.

In his complaint the plaintiff states that in February, 1913, he sold to the defendant, C. O. Corcorren, a certain tract of land for $3,900 and received three notes of said Corcorren in payment therefor; that the first note, which was for $900, has been paid; but that the remaining two notes for $1,500 each are now due and unpaid; that in addition he has paid taxes on the land since the sale at the request of C. O. Corcorren, in the sum of $42.51.

The plaintiff also states that the defendant, Bettie Corcorren, the wife of C. O. Corcorren, and the defendants, Lizzie Burel and A. P. Hager, claim some interest

in the lands by purchase from C. O. Corcorren. The plaintiff tenders a warranty deed for said lands to said C. O. Corcorren, or to the said Lizzie Burel and A. P. Hager, as their interest may appear, and asks judgment against C. O. Corcorren for the balance of the purchase money due on said lands and that the same be declared a lien on the lands.

The prayer of his complaint is that, in default of the payment of the purchase money, the lands be sold in payment thereof, and that all possibility of dower of said Bettie Corcorren be barred, and that the interest of Lizzie Burel and A. P. Hager be sold.

Bettie Corcorren filed an answer in which she admitted that her husband, C. O. Corcorren, purchased the lands described in the complaint from the plaintiff for the price stated in the notes and that a vendor's lien was retained in said notes to secure the balance of the purchase price.

Her answer further alleges that Lizzie Burel and A. P. Hager purchased said lands from her husband and induced him to execute a quitclaim deed to said lands to them for the sum of $1,000; that she did not relinquish her right of dower in said deed and did not join in its execution. She admits that the lands should be sold in satisfaction of the indebtedness for the purchase money, but she alleges that the lands are very valuable and their value is greatly in excess of the amount due on the purchase money notes. She prayed the court to protect her inchoate right of dower in the lands.

The plaintiff, T. J. Sharum, filed a demurrer to the answer. The other defendants failed to answer or demur. The court found the issues in favor of the plaintiff, and it was decreed that in default of the payment of the purchase money the lands should be sold in satisfaction thereof and that if they sold for more than sufficient to satisfy the judgment for the purchase money, the residue be paid to Lizzie Burel and A. P. Hager.

The defendant Bettie Corcorren alone has appealed.

*E. H. Tharp,* for appellant.

1. The court erred in sustaining the demurrer, thus wiping away the inchoate right of dower of appellant in her husband's equitable estate in the land. Her husband was the owner of the equitable fee in the land, and his widow was entitled to dower. 100 Ark. 543; 101 *Id.* 301; 26 *Id.* 368. She did not join in the deed and was entitled to dower. Kirby's Digest, § 2702; 9 R. C. L. 582; 21 U. S. (L. Ed.) 830.

2. The value of her dower right can be computed by the annuity tables, aided by evidence as to health, bodily vigor of herself and husband. 9 R. C. L. 583; 5 L. R. A. 519; 3 L. R. A. (N. S.) 1068.

3. Marriage and seizin are essential to the inchoate right of dower. 14 Cyc. 926; 47 Md. 359; 3 Barb. (N. Y.) 319. The inchoate right of dower is a subject of judicial protection and can not be defeated or impaired by any act of the husband or by any title emanating from him. 9 R. C. L. 584; *Ib.,* p. 501, § 34.

The inchoate right of dower is a subject of judicial protection. 44 Am. Rep. 740; 51 Atl. 216; 87 Pa. St. 521; 13 Am. Rep. 523; 13 N. J. Eq. 231; 18 Barb. (N. Y.) 561; 8 *Id.* 618; 67 N. Y. Sup. 548; 7 Paige (N. Y.) 386. See also 32 Ohio St. 210.

*Beloate & Anderson,* for appellee.

As against T. J. Sharum the vendor's wife, appellant had no dower rights. 25 Ark. 52. The vendor's interst was *personalty,* and the vendee can sell free of any dower right, as dower follows the legal title and such rights go to the assignees. 16 A. & E. Enc. of L. (2 Ed.) 726.

If the vendee, Corcorren, had died before deed, his widow would have had no dower until the debt was paid, and the legal title as well as the equitable was vested in the vendee. 25 Ark. 52; 10 A. & Eng. Enc. of Law (2 Ed.) 164.

The wife has no dower rights until the death of the husband. Kirby's Digest, § 2716; 5 Ark. 608. A sale of

the land under judicial process divests all dower rights, especially for lien debts. 31 Ark. 576. The inchoate right of dower during husband's life is not a vested right, but after death may relinquish to the heirs, or one holding the legal title under the husband. 53 Ark. 280; 55 *Id.* 225.

HART, J., (after stating the facts). Corcorren made an executory contract with Sharum for the purchase of the land and executed three notes therefor for the sum of $3,900. He paid one of these notes which was for $900. He transferred his claim to the land to Lizzie Burel and A. P. Hager for the sum of $1,000, and they agreed to complete his contract for the purchase of the land. Upon default being made in the payment of the notes, the vendor brought this suit to recover judgment for the balance of the purchase money and to foreclose his vendor's lien on the land. Corcorren executed a quitclaim deed to Lizzie Burel and A. P. Hager, but his wife did not relinquish her dower in said deed. She claims that she has an inchoate right of dower in any surplus after discharging the vendor's lien and that is the sole issue raised by this appeal.

Corcorren became by his purchase the equitable owner of the land, and his executory contract for the purchase of the land was assignable in equity. 5 C. J. 852. Then, too, his contract for the purchase of the land was assignable under section 509 of Kirby's Digest, providing that all bonds, bills, notes, agreements, and contracts in writing for the payment of money or property, or for both money and property, shall be assignable. See C. J. 852, and the following cases where it has been held that executory contracts for the sale and purchase of land are assignable in equity and under statutes similar to our statute just referred to. *Skinner* v. *Bedell,* 32 Ala. 44; *Brown* v. *Chambers,* 12 Ala. 697; *Russell* v. *Petree,* 10 B. Mon. (Ky.) 184; *Melton* v. *Smith,* 65 Mo. 315, and *Cowart* v. *Singletary* (Ga), 47 L. R. A. (N. S.) 621, Ann. Cas. 1915 A., p. 1116.

The obvious intention of section 509 of Kirby's Digest was to vest the entire interest in the assignee, and this act would be defeated if there was an interest existing in the wife which could not be transferred. The same reason would apply if the contract is assignable in equity. So it has been held that a widow is not entitled to dower in land purchased by her husband and sold during his lifetime to enforce a vendor's lien thereon for unpaid purchase money, although she is not a party to the action to enforce the lien. *Sarver* v. *Clarkson,* 156 Ind. 316, 59 N. E. 933; *Schaeffer* v. *Purviance,* 160 Ind. 63, 66 N. E. 54; *Bisland* v. *Hewett,* 11 Sm. & M. (Miss.) 164; *Wilson* v. *Davisson,* 2 Rob. (Va.) 384; *Robinson* v. *Shackett,* 29 Gratt. 99; *Miller* v. *Stump,* 3 Gill. 304; *Hamilton* v. *Hughes,* 6 J. J. Marsh (Ky.) 581; *Heed and Wife* v. *Ford* (Ky.), 16 B. Mon. 114, and Scribner on Dower (2 Ed.), vol. 1, secs. 45-47, and cases cited. This view is in accord with the decisions of this court on the question.

In *Thorn* v. *Ingram,* 25 Ark. 52, the court held that a widow has no right of dower in lands purchased and occupied by her husband for which a deed of conveyance was executed and delivered in the lifetime of the husband, where the purchase money remains unpaid, as against the equitable lien of the vendor. In discussing the question the court said:

"In a case, upon a point similar to the one now before us, the Court of Appeals of Virginia, says: 'A wife's right of dower is an emanation from the ownership of her husband and subject to all its qualifications though not to his alienations or incumbrances during the coverture, without her consent, declared in the mode prescribed by law. Her right is dependent upon his, as existing at the inception of the coverture, or as acquired by him during its continuance. If he mortgage his land before marriage, her claim to dower is subordinate to the mortgage, and, if that be foreclosed, is completely divested. So if she unite with the requisite solemnity in his mortgage, made after the marriage, the effect of

a foreclosure is the same. If, during the coverture, he purchase mortgaged land, her title, like his, is subject to the incumbrance, and foreclosure of it destroys both. The result is the same where an incumbrance is created by the very act of purchasing; for if the purchase money be unpaid, and not secured, an equitable mortgage is embodied in the transaction itself, and if that be foreclosed by a sale of the property, under the decree of a court of equity, the wife's right of dower is completely extinguished.' *Wilson* v. *Davisson*, 2 Robinson's Va. Rep. 405. See also *Kirby & Dalton*, 1 Dev. 195; *Elliott* v. *Welch*, 2 Bland 242; *Warner* v. *Van Alstyne*, 3 Paige 513; *Nazareth, etc., Inst.* v. *Lowe*, 1 B. Mon. 257.''

Again in *Langley* v. *Langley*, 45 Ark. 392, the husband during his lifetime had made an executory contract for the purchase of lands and had received a bond for title thereto and the land was payable in installments. After he had paid part of the money he became affected with paralysis and transferred and assigned all his right and interest in the bond for title to his son. After the husband's death his widow claimed dower in the land, and that the deed from her husband to his son was in fraud of her dower rights. The court held that she must defer her proceedings for dower until the invalidity of the deed to the son had been established, and that until that was done she could not successfully defend in an action of ejectment against the holder of the legal title.

In the case at bar the wife does not claim that the deed from her husband to Lizzie Burel and A. P. Hager was procured by fraud. The effect of the holding in *Langley* v. *Langley, supra,* was that the widow was not entitled to dower as against the grantee of the husband, and this holding is in accordance with the general rule that if the husband during his lifetime disposes of any equitable estate he may have in the lands, the dower right of his wife therein will be defeated. This holding is not in conflict with sections 2691 and 2692 of Kirby's Digest, but is in conformity to them.

Section 2691 provides, in effect, that where a husband shall purchase land during coverture and shall mortgage his estate in such lands to secure the payment of the purchase money, his widow shall not be entitled to dower out of such lands as against the mortgagee.

Section 2692 provides that when the mortgagee, after the death of the husband of such widow, shall cause the land to be sold under the mortgage and if any surplus shall remain, the widow shall be entitled to dower in the surplus.

A vendor's lien is treated in equity as a mortgage and enforced as such. *Priddy & Chambers* v. *Smith*, 106 Ark. 79, and cases cited. Under the statute if Corcorren had died without having transferred his equitable interest in the land, his widow would have been entitled to dower in any surplus remaining after discharging the vendor's lien. Having parted with his equitable interest prior to his death by conveying the land to Lizzie Burel and A. P. Hager, he has no beneficial interest in the land, and at his death his widow would not be entitled to dower therein.

It follows that the decision of the court below was correct and the decree will be affirmed.