BRANDON v. BRYEANS.

4-6684                                   160 S. W. 2d 205

Opinion delivered March 30, 1942.

*Reid & Evrard,* for appellant.

*Claude F. Cooper* and *T. J. Crowder,* for appellee.

HOLT, J. April 22, 1926, Ed F. Bryeans executed a warranty deed by which he conveyed to his wife, Mattie Bryeans, the following property in the city of Blytheville, Mississippi county, Arkansas: "Lots 4 and 5, block 29, Blythe Addition to the city of Blytheville, Arkansas, and lot 16 and the east half of lot 15 in block one of the Park Addition to the city of Blytheville, Arkansas." The deed was recorded on the date of its execution.

April 28, 1926, Bryeans was adjudged insane and on the following day committed to the State Hospital, where he remained until August 26, 1926. On the latter date he was paroled to his wife, Mattie Bryeans, discharged and returned to Blytheville, where he remained until August 29, 1929, when he was again committed to the State Hospital and confined until the 18th day of October, 1929, when he died intestate, leaving surviving his widow, Mattie Bryeans, and the thirty-six appellees here, his collateral heirs. He left no children surviving.

From the date of the execution of the deed to Mattie Bryeans, she took possession of, controlled, managed,

improved, paid all taxes and insurance and treated the property herein as her own until her death, October 4, 1940.

Following the death of Ed Bryeans, Mattie Bryeans qualified as administratrix of his estate and on November 3, 1931, filed in the Mississippi probate court her final report in which she stated that her husband, Ed F. Bryeans, had no real property at the time of his death except an equity in a certain farm (not involved here); that there was no property out of which she might claim dower, widow's allowances, or compensation as administratrix, and prayed that she be discharged. On March 26, 1932, the probate court approved the report, as filed on November 3, 1931, and Mattie Bryeans was discharged as administratrix. No exceptions have been filed by anyone to this report of the administratrix.

Mattie Bryeans died testate October 4, 1940, and by her will devised the property involved here to her sister, Macie E. Brandon, appellant. The present suit was filed by appellees, all of whom are adults except Thurman Sheals, a grand-nephew, who is a minor.

Appellees alleged in their complaint that the warranty deed which Ed F. Bryeans executed and whereby he conveyed the property in question to his wife, Mattie Bryeans, was void for the reason that at the time of its execution the grantor, Ed F. Bryeans, was insane and incapable of making the deed; and that subsequent to its execution and until his death he continued insane and incapable of ratifying the deed in question.

They further alleged that Bryeans executed the deed through the undue influence and coercion of Mattie Bryeans, his wife, and it was without consideration; that Mattie Bryeans controlled, managed and enjoyed the income from the property until her death. They prayed that the deed in question executed April 22, 1926, by Bryeans to his wife, Mattie, be canceled and set aside and that appellees be adjudged the owners and given the possession of the property and that a receiver be appointed.

Appellant interposed the following defenses: (1) that Ed F. Bryeans was not insane when the deed was

executed and that said deed is valid; (2) that he ratified the deed in question subsequent to its execution after he had regained his sanity; (3) that all of the appellees are barred by the statute of limitation and laches.

Upon a trial the court found the issues in favor of appellees and entered a decree accordingly. This appeal followed.

The testimony in this case is quite voluminous. Most of it goes to the question whether Ed F. Bryeans was insane when he executed the deed in question conveying the property to his wife and whether he ratified the deed subsequent to its execution. The evidence as to whether Bryeans was insane when he executed the deed is in irreconcilable conflict, however, appellant frankly concedes here that the chancellor's finding on this issue cannot be said to be against the preponderance of the testimony, and in this view we concur.

It does not follow, however, that even though Bryeans was insane when he executed the deed he could not subsequently ratify his act, and in fact, after a careful consideration of all the testimony as reflected by the record, we think the preponderance of the evidence supports appellant's contention that Bryeans did by his acts, and at times when he was sane, subsequent to the execution of the deed, ratify same, thereby validating said deed, and the cause must be reversed on this ground.

There is a second reason why appellees cannot prevail. The deed whereby Ed F. Bryeans conveyed the property in question to his wife, was executed April 22, 1926, more than fourteen years before the filing of this suit by appellees. It was recorded with the recorder of Mississippi county on the same day of its execution, and from the date of its recording, Mattie Bryeans' possession became adverse.

The rule is well settled in this state that the deed of an insane person is voidable and not void. Unless appropriate action be taken in apt time to avoid such deed, it continues *prima facie* valid. In *Langley* v. *Langley,* 45 Ark. 392, this court said: "Now the deed or contract of a lunatic is not absolutely void."

And in *Eagle* v. *Peterson*, 136 Ark. 72, 206 S. W. 55, 7 A. L. R. 553, it is said: "Under the doctrine that conveyances of insane persons are voidable and not void, it is obvious that such instruments are subject to ratification as well as disaffirmance, and that the insane person may, when restored to sanity, ratify or confirm the conveyance which he made while insane."

Under the terms of the deed here, Ed F. Bryeans conveyed to his wife, by warranty deed, fee simple title to the whole of the property in question. No attempt was made by appellees, or anyone, to avoid or set aside this deed until more than fourteen years subsequent to its execution, and more than eleven years after Ed F. Bryeans' death.

Even if it should be conceded that the statute of limitation began to run, not from the date of the execution of the deed, April 22, 1926, but on October 18, 1929, the date of Ed F. Bryeans' death, still appellees are faced with the fact that more than eleven years have elapsed from the death of Bryeans until the filing of this suit, December 12, 1940. During all the time from the date the deed was executed, April 22, 1926, until Mrs. Bryeans' death, October 4, 1940, her possession of the property was adverse, and the statutory bar of seven years (Pope's Digest, § 8918) defeats any claims of appellees to the property involved here.

Accordingly, the decree is reversed, and the cause remanded with directions to dismiss appellees' complaint for want of equity.