MOOREHEAD v. UNIVERSAL C.I.T. CREDIT CORP.

5-1899                                                    327 S. W. 2d 385

Opinion Delivered September 21, 1959.

*William H. Drew,* for appellant.

*Carlton Currie,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a judgment of the Chicot Circuit Court wherein judgment was rendered for possession of a 1955 Dodge half-ton Express V-8 truck in favor of appellee, Universal C.I.T. Credit Corporation.

The facts are briefly as follows:

The truck was purchased in February 1955. Mr. Orville Moorehead, husband of appellee, negotiated with the dealer for it; at his instruction the conditional sales contract was made in the name of his wife, Mrs. Jerry Moorehead, appellant. She signed the contract. The contract was assigned to appellee by the dealer, Wagner Motor Company of Dermott.

The Mooreheads kept the vehicle until late December 1955, or early January 1956, when both brought it back to the dealer for extensive repairs. At that time Mrs. Moorehead, appellant, insisted that a new contract, including the cost of repairs, should be executed on the truck in order that there would be only one monthly payment to make. Wagner made the repairs.

When the truck was repaired and ready for redelivery, Mr. Moorehead came to get it. Mr. James Wagner, Manager of the Wagner Motor Company, testified that: "Orville Moorehead came back by himself and said that he had carried his wife around to the dentist's office having some teeth made and he wanted to pick up the truck . . . I told him his wife would have to sign the new contract; that it was in her name. He said the truck was in his name now, that he wanted a new contract issued in his name so he would have insurance on his life in case he happened to die or get killed." Mr. Moorehead then executed a bill of sale to Wagner, and signed the new contract including the life insurance election, the cost of repairs having also been included in the indebtedness. This contract was assigned to appellee.

No payments were made by either Mrs. Moorehead, appellant, or Mr. Moorehead after the truck was secured from the dealer. Suit was filed on April 30, 1956, to recover the truck.

The cause was submitted to the Circuit Judge for the trial of the facts as well as the law, both parties expressly waiving trial by jury. The court found for the appellee and judgment was entered accordingly.

For reversal, appellant relies on the following points:

1. The Court erred in ruling that an act of appellant's husband was an act of appellant, and by reason thereof, title passed by virtue of "Bill of Sale" from appellant's husband to Wagner Motor Company, Dermott, Arkansas, evidenced by Exhibit C.

2. Appellee cancelled contract marked Exhibit A through its fraud on appellant and cannot now profit by its fraud, by attempting to reinstate this contract.

3. The contract marked Exhibit B is a debt of Orville Moorehead, not appellant, Jerry Moorehead.

4. The appellee converted appellant's vehicle to its use and by reason thereof, the appellant is entitled to its value at the time of the conversion.

The trial court found that Orville Moorehead referred to the truck as "my truck." The trial court further found: "The testimony is that he and his wife bought it together. He put it in his wife's name. All of us husbands do that frequently . . . I just can't believe that under that state of facts and dealings with the same dealer for the repairs, same parties . . . I say that in this transaction an act of his was an act of hers and an act of hers was an act of his as I view it . . ." From the extemporaneous findings of fact by the trial court and a careful review of this record, we have no choice but to conclude that there is no merit in appellant's four points relied on for reversal since this was clearly a case of estoppel *in pais*.

It has long been the general rule that an estoppel *in pais* may be set up in actions at law as well as in suits in equity. They are called equitable estoppel because they arise upon facts which render their application in the protection of rights equitable and just. The principle is that a party who, by his acts, declarations or admissions, either deliberately or with willful disregard of the interests of another, induces him to conduct or dealings which he would not have otherwise entered upon, is estopped to assert his rights afterwards to the injury of the party so misled. See: *Jowers* v. *Phelps*, 33 Ark. 465; *Merchants & Planters Bank* v. *Citizens'*

*Bank,* 175 Ark. 417, 299 S. W. 753; *Thomas* v. *Spires,* 180 Ark. 671, 22 S. W. 2d 553; *Vaughn* v. *Dossett,* 219 Ark. 505, 243 S. W. 2d 565.

Equitable estoppel was not specifically pleaded or argued in this case. However, evidence supporting such a defense was received without objection and is binding on appellant on the merits of this controversy. *Keylon* v. *Arnold,* 213 Ark. 130, 209 S. W. 2d 459.

The testimony of James Wagner relative to the presence and participation of appellant at the time her husband purchased the truck and requested that it be put in her name, and the further presence and participation of appellant at the time the Motor Company was requested to repair the truck, and the further insistence of appellant that a new contract be made to include the cost of repairing the truck in order that only one payment per month would be necessary is evidence of such a substantial nature that we cannot under our rule disturb the findings of the trial court sitting as a jury.

Affirmed.