JOHN P. HESKETT AND ANN HESKETT HALE v.
KENNY L. BRYANT AND BETTYE HESKETT BRYANT

5-5056                                    447 S. W. 2d 849

Opinion delivered December 15, 1969

*David Solomon*, for appellants.

*Daggett & Daggett,* for appellees.

GEORGE ROSE SMITH, Justice. On October 22, 1966, Thelma P. Heskett, a widow, sold her one-half interest in the Grauman-Heskett farm in Phillips county to her older daughter and son-in-law, the appellees. The consideration was $22,000 and the grantees' promise to provide Mrs. Heskett with the necessaries of life after the purchase price had been fully paid. Mrs. Heskett died a few months later, on March 11. 1967. Her son and her other daughter, the appellants, then brought this suit to cancel the deed for fraud, inadequacy of consideration, and abuse of a confidential relationship. After an extended trial the chancellor refused to set the deed aside.

We agree with the chancellor, because the proof

shows with hardly any dispute that Mrs. Heskett, after having obtained full knowledge of all the facts now relied upon for a cancellation of the deed, voluntarily elected to abide by her contract with the appellees.

The record exceeds 350 pages, but the essential testimony, much of which comes from the lips of the appellants themselves, is singularly free from conflict. Mrs. Heskett's husband operated the farm with the Grauman family until Heskett's death intestate in 1962. The three children then relinquished their inherited interest in the property to their mother, who occupied a mobile home on the place. Later on Mrs. Heskett's son-in-law, the appellee Kenny Bryant, gave up his job and began managing the farm for one half of the Heskett share of the profits. The Bryants moved to a nearby residence on property owned by the Graumans. That arrangement had continued amicably for about two years when Mrs. Heskett sold the property to the Bryants.

The deed was made two days before Mrs. Heskett entered a hospital for the second of two operations for cancer. The appellants insist that their mother was especially subject to being overreached, owing to her physical condition and to the confidence that she placed in her daughter and son-in-law. They also assert that the Bryants falsely stated to Mrs. Heskett that her interest in the farm had been appraised by two impartial persons at a value of $22,000, when in fact there had been no such appraisal and the grantor's interest was actually worth more than $100,000.

Mrs. Heskett, who was in her late fifties, seemed to recover from her surgery. She traveled to Waco, Texas, on December 9 or 10 and visited in her son's home there until Christmas. On the day after Christmas she went on to El Paso, where her younger daughter was living, and remained there until her death in March following renewed hospitalization in February. During

those months she was mentally alert, in full possession of her faculties. In fact, she began teaching a Sunday School class in El Paso and presumably was active in other ways.

The appellant John P. Heskett, a Baptist minister, learned the details of the sale from his mother on the way to the hospital in October. Even before Mrs. Heskett left that hospital in November he acquainted her with the truth about the worth of the land and urged her to repudiate the transaction. With full knowledge of the facts, and with a clear understanding that she may have been defrauded, Mrs. Heskett firmly announced during the ensuing months that she would rather abide by the contract. even at a loss of $100,000, than engage in a court proceeding (perhaps with some question about her own mental competency than lose the fellowship of her daughter. In a somewhat similar case we have held that the grantor's inaction precludes his heirs from successfully attacking the conveyance. *Blackburn* v. *Nichols*, 149 Ark. 669 (mem.), 234 S. W. 495 (1921).

Despite the facts that we have mentioned, the appellants earnestly argue that there could be no effective affirmance or ratification of the transaction as long as the confidential relationship between Mrs. Heskett and the grantees continued to exist. The authorities cited, however, do not go that far. Of course an affirmance is ineffective when the defrauded person is still acting under the same undue influence that made the transaction voidable in the first place. But that was not the situation in this case. Neither of the Bryants is shown to have had any exceptionally strong influence over Mrs. Heskett even when they were living close to one another. Whatever influence there might have been was fully counteracted during the months when Mrs. Heskett went to Texas, lived with her other two children, and in that atmosphere of detachment was urgently importuned to abrogate the sale of the property. By analogy,

an insane person's contracts, though voidable in their inception, may be effectively ratified when the person regains his sanity. *Brandon* v. *Bryeans,* 203 Ark. 1117, 160 S. W. 2d 205 (1942). A like principle controls this case.

Affirmed.