CLAUD H. HOLTHOFF AND EVELYN HOLTHOFF
*v.* EMMETT J. TUCKER, ET AL, INTERVENOR

73-105                                    500 S.W. 2d 338

Opinion delivered October 22, 1973

*B. Kenneth Johnson* and *Gill, Clayton & Johnson,* for appellants.

*Odell C. Carter,* for appellees.

CONLEY BYRD, Justice. Prior to May 19, 1969, Linnie B. Hill, Willie Gene Laster, Emmett Tucker and Allie B. Wilson were tenants in common of the NW¼ NW¼ Sec. 26, T. 85, R 5 W in Lincoln County. On that date Allie B. Wilson executed a quitclaim deed to Emmett Tucker. The deed was properly recorded. Emmett Tucker started trying to sell the property and ran some advertisements in the local paper. Sometime during 1970, Tucker entered into an oral contract with Albert Matthews to sell him the entire 40 acres. June 4, 1970, appellants Claud H. Holthoff and Evelyn Holthoff acquired the undivided one-fourth interest of Linnie B. Hill. On January 20, 1971, appellants acquired a quitclaim deed from Allie B. Wilson paying therefor a consideration of $2,000. In August 1971, the appellants filed a partition suit making appellees Tucker and Willie Gene Laster parties. Thereafter, appellee Matthews intervened. In the trial court appellees denied appellants' claimed ownership of the Allie B. Wilson interest citing the prior 1969 deed to Tucker. Appellants countered with the contention that the 1969 deed was executed fraudulently and without consideration. The chancellor in a written opinion determined that appellants were not the owners of the Allie B. Wilson interest. For reversal it is contended:

> "POINT I. The court incorrectly placed the burden of persuasion as to fraud in the procurement and as to the existence of a constructive trust upon appellants when a confidential relationship was shown to exist.
>
> POINT II. The court erred in holding that the law in Arkansas does not give a third party any right to seek cancellation of a deed valid on its face."

Allie B. Wilson testified that at the time of the conveyance to her brother Emmett J. Tucker she was in

debt to him for some liens he had satisfied on the property. After some equivocation as to her brother's conduct (*i.e.* whether he held it for investment purposes), Allie Wilson stated that she had never complained about the way her brother had handled this transaction and that she was not complaining now.

We do not reach appellants' contention that they, as third parties, have standing to seek cancellation of the deed from Wilson to Tucker, because even if we should assume that they have the requisite standing still they cannot prevail. The deed was of record and according to Ark. Stat. Ann. § 16-114 was constructive notice of the conveyance. Furthermore, under the allegations here made the deed was not void but at most would only be voidable. Under these circumstances the appellants' claim to the title as against Tucker could never exceed those of Allie B. Wilson. The testimony of Allie B. Wilson was certainly sufficient to show by a preponderance that the deed was executed to Tucker for a valid consideration and that she was not now repudiating its validity. Under these circumstances Allie B. Wilson could not set aside the conveyance, *Heskett & Hale* v. *Bryant,* 247 Ark. 790, 447 S.W. 2d 849 (1969). The appellants' claim being no greater than Wilson's is subject to the same limitation.

Affirmed.