Herman HAYNES *v.* Oma METCALF

88-139                                              759 S.W.2d 542

Supreme Court of Arkansas
Opinion delivered November 7, 1988

*Neva B. King*, for appellant.

*Turner & Mainard*, by: *James C. Mainard*, for appellee.

JOHN I. PURTLE, Justice. The appellant and his wife filed a petition in the Franklin County Chancery Court to quiet title to the mineral interest in certain lands in Franklin County, Arkansas. The appellant only appeals from the order of the chancellor dismissing the petition and awarding the appellee (widow) the right to receive all proceeds from the mineral leases, rentals and royalties from oil and gas development and production upon the real estate here in question. The appellant argues that the trial court erred in dismissing his complaint and in finding that the appellee is entitled to the proceeds of the mineral production during her lifetime. The chancellor's order is affirmed.

On January 1, 1960, the appellant and his wife, Verna, entered into an agreement with V.F. Metcalf and Cora Metcalf, the parents of Verna Metcalf, for the purchase of 160 acres of land, consisting of two tracts: a 120 acre tract and a 40 acre tract. The contract was not filed of record until October 14, 1968. The contract provided that at the end of ten years the deed would be delivered to the appellant. Pursuant to the terms of the contract, the grantors, V.F. Metcalf and Cora Metcalf, executed a deed on January 5, 1960, and placed it with the contract. The contract contained a clause stating that the royalties and other payments would be payable to the grantors. However, there was no reservation of any kind in the deed which was attached to the contract but never delivered. On January 24, 1968, Cora Metcalf died. On October 7, 1968, V.F. Metcalf married Oma Metcalf, the appellee.

On December 2, 1969, Oma Metcalf and V.F. Metcalf executed a deed to the property to Verna Haynes. This deed contained a reservation of the royalties and mineral rights so long as either of the grantors lived. Verna Haynes accepted this deed

and, shortly thereafter, deeded the property to herself and her husband, Herman Haynes. This deed recited the reservation of a life estate in the mineral rights in Oma and V.F. Metcalf. On October 12, 1984, V.F. Metcalf died. After his death, the appellant commenced receiving the royalties from the 120 acre tract. Subsequent to the execution of the contract of sale, the 40 acres became productive and the lessee, who is not the same lessee as the one of the first tract, refused to make payments because of the reservation in the deed from Oma and V.F. Metcalf to Verna Haynes. On November 3, 1986, Herman Haynes and Verna Haynes filed suit to quiet title to the mineral rights to the 40 acre tract in themselves.

There is no dispute that the contract of sale was entered into on January 1, 1960, that the appellee and her husband subsequently executed a second deed dated December 2, 1969, and that this deed contained a reservation of the mineral royalties and interests so long as either of the grantors lived. Since all parties agree that Cora Metcalf and V.F. Metcalf had attempted to reserve the right to the royalties during their lifetime, no argument arose so long as either of the sellers in the contract of sale lived.

██ The appellant correctly states the general rule that property cannot be conveyed by reservation and that an exception or reservation in favor of a stranger to the deed is void except to confirm a right which the stranger already had. *Rye* v. *Baumann*, 231 Ark. 278, 329 S.W.2d 161 (1959). We also agree with the appellant that the purchasers in an executory contract become the equitable owners of the property purchased. *Corcorren* v. *Sharum*, 141 Ark. 572, 217 S.W. 803 (1920). The question here is not whether Oma Metcalf was the equitable owner or owned an interest in the property on her own right but instead whether the deed executed by the appellee and her husband and received by the appellant entitled her to receive the proceeds from the mineral production during her lifetime.

██ For affirmance the appellee relies on *Mills* v. *Deniston*, 227 Ark. 463, 299 S.W.2d 195 (1957), which holds that in the construction of a deed, all prior negotiations must be taken as merged in that instrument. Had there been a difference in the purchase agreement and the original deed we would consider the

merger doctrine. However, we are here concerned with a deed which was no part of the original transaction. Therefore, the doctrine of merger does not apply to the facts in this case.

The appellee also cites several cases from other jurisdictions holding that, although an estate may not be reserved in favor of a stranger, there is an exception to the general rule when the reservation is in favor of the spouse of a grantor. In *Saunders* v. *Saunders*, 26 N.E.2d 126 (Ill. 1940), the Illinois Supreme Court noted a distinction between a reservation in a deed in favor of a grantor and his spouse and one in which the grantor reserves an interest to a third person who has no present interest in the property conveyed. The court recognized that a spouse has such a present interest in the property by way of homestead or dower and that the combined interest of husband and wife in the property is sufficient to support the reservation of a life estate to either or both of them through their joint execution of a deed which relinquishes all other rights. To the same effect see *Derham* v. *Hovey*, 116 N.W. 883 (Mich. 1917).

Another case which very strongly favors the exception to the general rule is *Krug* v. *Reissig*, 488 P.2d 150 (Wyo. 1971). *Krug* held that the weight of authority favors a life estate in a non-owner surviving spouse when both the husband and wife join in the execution of a deed and reserve a life estate in themselves. The Supreme Court of South Carolina has also recognized that the rule against a reservation in favor of a stranger is indeed the general rule, but that the grantor and spouse may reserve a life estate when the conveyance is from a husband and wife and either or both of them owned an interest in the property at the time of the conveyance. *Glasgow* v. *Glasgow*, 70 S.E. 2d 432 (S.C. 1952).

It is not necessary to reach the exception to the general rule concerning reservations in favor of strangers in this case. The 1969 deed was in the possession of the appellant from its delivery until 1986, when the present lawsuit was commenced. For sixteen years the appellant apparently made no objection to the reservation executed by V.F. Metcalf and his wife, Oma Metcalf. After V.F. Metcalf's death, the appellant received the royalties from the 120 acre tract. Herman Haynes tried several times to get Oma Metcalf to sign a distribution agreement or a quit claim deed to the mineral interest in the 40 acre tract. She refused to do so and

only when she was taken to court did she claim any interest in the minerals.

After this period of time the appellant is estopped from changing the terms of the deed from Oma and V.F. Metcalf.

> Estoppel by deed is a bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed, or from denying the truth of any material facts asserted.

28 Am Jur 2d, *Estoppel and Waiver*, Estoppel 11, sec. 4.

Estoppel by deed has long been recognized by this court. In the case of *Vaughn* v. *Dossett*, 219 Ark. 505, 243 S.W.2d 565 (1951), this court applied the doctrine and estopped the grantee, who was a subsequent grantor, from changing the terms of a previous deed and mortgage when he knew he was attempting to act in derogation of the previous deed. Equitable estoppel arises upon facts which render its application and protection equitable and just. *Moorehead* v. *Universal C.I.T.*, 230 Ark. 896, 327 S.W.2d 385 (1959). After reviewing the decree de novo in this court we find that the decree of the chancellor should be upheld.

Affirmed.

GLAZE, J., concurs.