### St. Louis, Iron Mountain & Southern Railway Company v. Martin.

#### Opinion delivered July 1, 1912.

Adverse possession—right-of-way of railroad.—Proof that plaintiff inclosed a part of defendant's right-of-way and occupied it as his own for more than seven years justifies a finding that his possession was adverse and vested title in him by limitation.

Appeal from Hot Springs Circuit Court; *W. H. Evans,* Judge; affirmed.

*E. B. Kinsworthy, W. V. Tompkins, R. E. Wiley* and *Riddick & Dobyns,* for appellant.

Both the act of Congress of September 29, 1850, and the act of the State Legislature approved January 13, 1853, Acts 1852 and 1853, p. 176, were grants *in praesenti.* 85 Ark. 584; 97 U. S. 491, 24 L. Ed. 1095; 103 U. S. 426, 26 L. Ed. 578. All persons acquiring portions of the public lands after the passage of the act take the same subject to the right-of-way conferred by it for the proposed road. 74 Kan. 494, 87 Pac. 687; 190 U. S. 267, 49 L. Ed. 639.

A railway company is not limited to so much of the right-of-way prescribed by the grant as it actually uses or occupies, or is actually necessary for the use for which the grant was made, but is entitled to the full width of the grant. 32 Cyc. 994; 10 Idaho 770, 80 Pac. 401; 190 U. S. 260, 49 L. Ed. 639; 171 U. S. 171, 43 L. Ed. 413.

Mere nonuse of a right-of-way is not such an abandonment as will amount to a forfeiture. 97 Ark. 234; 101 Fed. 757. A railway company is not compelled to use the full width of

its right-of-way within any particular time, but the use of its track is an assertion of its right to the full width of its right-of-way. It is immaterial where it places its fence for the exclusion of stock from its track. 90 Ark. 180; 69 Ark. 562; 73 Neb. 8, 10 Am. & Eng. Ann. Cas. 992; 48 S. W. 258; 190 U. S. 267, 47 L. Ed. 1044.

*Andrew I. Roland,* for appellee.

Appellee acquired title to the strip of land involved here by adverse possession. 90 Ark. 178, and cases cited; 97 Ark. 238, and cases cited.

McCULLOCH, C. J. Plaintiff, Thomas F. Martin, instituted this action against defendant railway company to recover damages for the value of two strips of land, each fifty feet wide running parallel with the railroad through an eighty-acre tract of land in Hot Spring County. The case was tried upon an agreed statement of facts before the court sitting as a jury, and the court found in favor of the plaintiff, assessing the damages in the sum of $125, and judgment was rendered accordingly.

The defendant asserted its right to occupy the strips of land in controversy as a part of the right-of-way granted to the Cairo & Fulton Railway Company by the General Assembly of this State in 1853, and that defendant succeeded to the rights of that company.

The eighty-acre tract of land of which the strips in controversy form a part was swamp land, and as such was granted to the State of Arkansas under the act of Congress approved September 28, 1850. The General Assembly of 1853 granted to the Cairo & Fulton Railway Company a right-of-way "not exceeding 100 feet in width on each side of and through its entire length." In 1887 the defendant railway company, after having acquired the railroad constructed by the Cairo & Fulton Railway Company, built a fence enclosing fifty feet on each side of the railroad.

Plaintiff's grantor purchased the eighty-acre tract from the State, and in the year 1896 inclosed it under fence up to the defendant's fences, and has continuously occupied the same up to September, 1910, when the defendant railway company, over plaintiff's protest, took possession of the strips in controversy for the purpose of including them in the right-of-way.

A portion of the strips in controversy had been in cultivation by plaintiff, and, as before stated, all of the same was included under plaintiff's fences.

The only question which we deem it necessary to decide now is whether or not the plaintiff's occupancy of the land for the period of time named was sufficient to amount to a title by adverse possession for the statutory period. The agreement of facts that the plaintiff had fenced the land and occupied it as his own for a period of about fourteen years, clearing up a portion and putting it into cultivation, was sufficient to warrant the court in finding that his possession was hostile and vested the title in him by limitation. *St. Louis & San Francisco Rd. Co.* v. *Ruttan,* 90 Ark. 178.

The other questions in the case as to the rights of the parties before the statute bar attached need not be discussed.

No question is raised as to the remedy adopted by plaintiff.

Judgment affirmed.