BOND v. STANTON.

Opinion delivered October 6, 1930.

J. F. O'Melia and Daily & Woods, for appellant.

Hill, Brizzolara & Fitzhugh, for appellee.

HART, C. J., (after stating the facts). The doctrine that the owner of one lot may acquire an easement over the lot of another by the open, notorious, and adverse use thereof under a claim or right for a period of seven years is well settled in this State. Such adverse user is sufficient to vest the claimant with an easement therein. *Clay* v. *Penzel,* 79 Ark. 5, 94 S. W. 765; *Scott* v. *Dishough,* 83 Ark. 369, 103 S. W. 1153; *Medlock* v. *Owen,* 105 Ark. 460, 151 S. W. 995; and *McGill* v. *Miller,* 172 Ark. 390, 288 S. W. 932.

The evidence in this case shows that buildings have been erected upon the lots owned by Stanton and Morrow for between forty and forty-eight years, and that these buildings have been occupied for business purposes during all that time. When erected and for many years thereafter, they belonged to other persons than to Louise Bond. The lots were 100 feet deep, but the business

houses were only ninety feet deep, leaving ten feet for an alley or passageway for the convenience and necessity of loading and unloading merchandise in the business houses. The owner of the property north of them in the same block erected a business house on his property, and he left ten feet for a passageway or private alley. This left an alley twenty feet in width 'between the houses fronting on Garrison Avenue and those on lot 10 on the north of the same block. This alley was subsequently paved, and was continually used by the different owners of the property as a passageway for the purpose of unloading or loading merchandise from their respective business houses for a period of more than seven years before the defendant purchased the property.

Thus, it will be seen that the various owners of the property acquired an easement therein before the defendant purchased the lots in 1902 and 1903. When the defendant purchased the lots, the tenants of the various buildings continued to use the private passage or private alley for loading and unloading goods just as it had been used before. In addition, an agent of the defendant erected a warehouse on lot 10 and reserved ten feet on the south side of the building for a passageway just as it had been before she purchased the lots. Now this indicates that the defendant, through her agent, recognized the existence of the easement at the time she purchased the property, and continued to so recognize it until she conveyed a part of the property to Stanton and Morrow. In fact, Stanton testified that Kelley, the agent of the owner, told him when he purchased the property, that there was a permanent passageway to the public alley in the rear of the building which could never be taken away. While Kelley denied this, he does not deny that he told Stanton that there was a private alley there. As stated in *Ward* v. *Warren,* 82 N. Y. 265, what an agent knows about the use of an easement in premises committed to his charge will be attributed to his principal.

The fact that, when the buildings were erected, ten feet were reserved in the rear of them for use as a pas-

sageway for wagons in delivering and receiving goods from the respective premises, indicates that it was intended for permanent use as a passageway for the owners and tenants of the various buildings, and that this was continued for the period of more than seven years at a time when the various lots were owned by different persons. Thus, under the principles of law above decided and referred to, an easement in favor of the various owners of the lots was acquired before the defendant purchased them. After she purchased the lots now owned by the plaintiffs, she rented out the buildings for business purposes; and all the attendant circumstances tend to show that she, through her agent and tenants, continued to recognize the existence of the easement. Such an easement was both convenient and necessary for a proper use of the buildings purchased by Morrow and Stanton.

Mrs. Chauncey never at any time owned the property on the west side of lot 11 on which the proposed structure is to be erected. This lot was purchased by the defendant from another person in 1920. It lies next to the public alley, and the passageway over it was used by Mrs. Chauncey during all the time she owned the property now owned by Stanton and Morrow. She and her tenants continually used it for the purpose of delivering goods to her two stores, and such use was both convenient and necessary as above stated. In this view of the matter, it cannot be said that the easement became merged in her ownership of the fee when she purchased the two lots now owned by Stanton and Morrow.

We think that the easement existed at the time Morrow and Stanton purchased the lots. Therefore, they were entitled to the injunctive relief prayed for, and the decree will be affirmed.