St. Louis Southwestern Railway Company v. Elmore.

Opinion delivered March 14, 1932.

Carter, Jones & Turney, McKay & Smith and Lamb & Adams, for appellant.

W. H. Kitchens, Jr., and Wade Kitchens, for appellee.

SMITH, J. Appellees brought this suit to enjoin the appellant railway company from obstructing a road by means of which they had ingress and egress to and from certain lots owned by them and on which they resided. These lots adjoined the railroad right-of-way, and the road in question ran from appellees' lots, across a portion of the railroad right-of-way, to a street in the city of Magnolia.

The court found, from testimony which fully sustains the finding, that the plaintiffs themselves, for more than seven years, and their predecessors in title, for more than forty years, had used the railroad right-of-way as a road to and from the lots on which they resided, and that there is no way of ingress or egress to and from said lots except over and along the right-of-way of the railroad, and that the railway company had, over the protest of appellees, obstructed this way so as to deprive appellees and all others of the use of this way by stretching barbed wire across it.

The finding was made that appellees, and their predecessors in title, had acquired an easement over and along said railroad right-of-way from their lots to the nearest street for purpose of ingress and egress to their property, and upon this finding the railway company was enjoined from obstructing the way in such manner as to prevent appellees from using it, and this appeal is from that decree.

Without setting out the testimony, which, as we have said, fully sustains the finding of fact made by the court below, it may be said that a continuous use of this way by all persons who had occasion to use it was shown for a period of fifty years, and it was also shown that the street commissioner of the city of Magnolia had worked and improved this way as a part of the streets of the city.

For the reversal of the decree, it is first insisted that a prescriptive right may not be established by adverse possession and use of a railroad right-of-way. Upon

this question it may be said that, while there is a division in the authorities, it has been several times decided by this court that such a prescriptive right may be acquired. *Graham* v. *St. L. I. M. & S. R. Co.*, 69 Ark. 562, 65 S. W. 1048; *St. Louis & S. F. R. Co.* v. *Ruttan*, 90 Ark. 178, 118 S. W. 705; *St. L. I. M. & S. R. Co.* v. *Martin*, 104 Ark. 274, 149 S. W. 69; *St. Louis, S. W. R. Co.* v. *Fulkerson*, 177 Ark. 723, 7 S. W. (2d) 789.

It is next insisted that, even though such a right may be acquired, there was no sufficient notice to the railway company that such an adverse right was being asserted. This is, of course, a question of fact, and the court has found that there was such notice as to apprise the railway company that an adverse use was being made of the portion of its right-of-way in question. See *Britt* v. *Berry*, 133 Ark. 589, 202 S. W. 830, and cases there cited.

It is next insisted that the decree should be reversed because the court did not find that the public had acquired the right to use the road or way in question, but had found only that appellees had acquired an easement which permitted them to use the road or way.

There is no cross appeal from the failure of the court to find that the road in question had become a public road by prescription, and we do not, therefore, decide whether that finding should or should not have been made. The court granted the plaintiffs the relief they prayed, that is, that their easement be not interfered with.

It was said in the case of *Bond* v. *Stanton*, 182 Ark. 293, 31 S. W. (2d) 409, that: ''The doctrine that the owner of one lot may acquire an easement over the lot of another by the open, notorious and adverse use thereof under a claim or right for a period of seven years is well settled in this State. Such adverse user is sufficient to vest the claimant with an easement therein.'' [Citing cases].

The testimony being sufficient, as we find it to be, as did the court below also, that appellees had acquired, through long continued adverse use, an easement over the right-of-way, the railway company is in no position to complain that the decree of the court below limited its finding to the grant of the particular relief prayed in the cause, and did not enlarge its finding to include the general public. If there is any error in this omission, which we do not decide, it is one of which the railway company may not be heard to complain, as an individual may acquire such a right in which the public generally is not entitled to share. The decree must therefore be affirmed, and it is so ordered.