HARRISON *v*. KNOTT.

4-9597                                      243 S. W. 2d 642

Opinion delivered November 19, 1951.

*Eugene Coffelt,* for appellant.

*Claude Duty* and *Vol T. Lindsey,* for appellee.

MINOR W. MILLWEE, Justice. Appellees, as owners of certain business properties in the City of Bentonville, Arkansas, brought this suit to enjoin Ben Moser and appellant, L. E. Harrison, from interfering with the use of an alleyway abutting appellees' buildings and to require them to remove all obstructions from said alley-

way. The City of Bentonville was originally joined as a party plaintiff, but subsequently withdrew from the suit.

After a lengthy hearing the chancellor entered a decree finding that appellees, their predecessors in title and the public generally had, through notorious, adverse and continuous usage for a period of more than fifty years, acquired an easement by prescription over the alleyway; that said easement should be continued for purposes of ingress and egress to and from the buildings abutting said alleyway and as a means of access to utility lines and for drainage over and under said lands; and that, since the filing of the suit, appellant L. E. Harrison obstructed the east end of the alleyway by placing a concrete building across it. The appellant L. E. Harrison was perpetually enjoined from interfering with the use of said alleyway and the court directed that a mandatory injunction issue requiring him to remove the concrete building within thirty days. L. E. Harrison has appealed and filed a *supersedeas* bond.

The alleyway in question is located between and behind two rows of store buildings facing north and south, respectively, in a business block which lies immediately south of, and adjacent to, the public square in the City of Bentonville. It is $19\frac{1}{2}$ feet wide and runs from "A" Street on the east side of the block for a distance of 101 feet to the rear of a store building which faces west on Main Street. Appellant L. E. Harrison and his contractor, Ben Moser, commenced construction of a concrete block building, the north wall of which bordered the south line of the alleyway. When the building was nearing completion and after the filing of the instant suit, they extended the north wall of the building across the alleyway to another building on the north side of the block.

The great preponderance of the evidence supports the chancellor's finding that the alleyway in question has been used by the public generally and some of the owners and tenants of the abutting business houses and their predecessors for more than fifty years. Owners and tenants of the abutting business houses have for many years used the alleyway for the delivery of merchandise

and materials to and from their places of business. Sewer and other utility lines have also traversed the area for many years and gas meters have been installed thereon.

Appellant insists that such use as has been made of the alleyway in question has been permissive and not adverse. It is also contended that the alleyway is not a public way or alley because it does not extend through the block to Main Street. The same contentions were made by the appellant in *Robb & Rowley Theaters, Inc.* v. *Arnold,* 200 Ark. 110, 138 S. W. 2d 773. In that case, as here, there was involved the long usage of a blind alley over an area which had never been formally dedicated to the public use. Under facts similar to those in the instant case. the court there said: ''We think appellant is in error in insisting that an easement beginning in permissive use cannot ripen into title thereto by long, open and continuous use. This court said in the case of *McGill* v. *Miller,* 172 Ark. 390, 288 S. W. 932, that: 'It is true that the use originated as a permissive right and not upon any consideration, but the length of time which it was used without objection is sufficient to show that use was made of the alley by the owners of adjoining property as a matter of right and not as a matter of permission. In other words, the length of time and the circumstances under which the alley was opened were sufficient to establish an adverse use so as to ripen into title by limitation.' And it was also said in the McGill case that: 'The length of time and the circumstances under which the alley was open were sufficient to establish an adverse use so as to ripen into title by limitation.' '' See, also, *Bond* v. *Stanton,* 182 Ark. 289, 31 S. W. 2d 409; *Kirby* v. *City of Harrison,* 202 Ark. 1, 148 S. W. 2d 666.

If the appellant, L. E. Harrison, and his contractor, Ben Moser, were the only necessary parties to this suit, we would readily affirm the decree, but such is not the case. Prior to the trial appellant filed a motion to have his name stricken as a party defendant alleging that he was not, and had never been, the owner of the property upon which he constructed the building. It does not appear that this motion was ever presented to the trial court but, if it had been, the undisputed facts show that

appellant was a proper party defendant regardless of actual ownership of the land. However, the undisputed evidence also discloses that appellant purchased the property in 1926 and had the title placed in the name of T. L. Harrison, his wife. The deed was placed of record on July 29, 1926. While appellant has since managed the property, obtaining a building permit in his name as owner, and contracted and paid for construction of the building in question, the title has remained in his wife's name. The rule is that where a husband purchases land and procures the deed to be made to his wife, the presumption is that he intended it as a gift, and a trust does not result in his favor. *Poole* v. *Oliver,* 89 Ark. 578, 117 S. W. 747. The evidence here does not present a state of facts existing before or contemporaneously with the conveyance sufficient to rebut the presumption of a gift. Thus we have the anomalous situation of one party being required to remove permanent fixtures from lands owned by another who is not a party to the suit.

It is true that injunction is an equitable remedy that is exercised *in personam* and not *in rem.* 28 Am. Jur., Injunctions, § 4. But it is also the rule that if the injunction is sought to protect an interest in lands, all persons who have a beneficial interest in the land which is the subject matter of the suit should be made parties. 43 C. J. S., Injunctions, § 173; 28 Am. Jur., Injunctions, § 273; 67 C. J. S., Parties, § 45. Ark. Stats., § 27-814, provides: ''The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But when a determination of the controversy between the parties before the court can not be made without the presence of other parties, the court must order them to be brought in.'' The purpose of this statute is to require all persons to be made parties to an action who will be necessarily and materially affected by its result, and to forbid the court from determining any controversy between the parties before it, when it cannot be done without prejudice to the rights of others or by saving their rights. *Smith* v. *Moore,* 49 Ark. 100, 4 S. W. 282; *Thompson* v. *Grace,* 91 Ark. 52, 120 S. W. 397, 134 Am. St. Rep. 52.

Under the facts here presented, we conclude that the court could not have determined the controversy between the parties before it nor have required the removal of the obstruction to the alleyway in question without prejudice to the rights of T. L. Harrison, and that she is a necessary and indispensable party to the suit.

The decree is accordingly reversed, and the cause remanded with directions to make T. L. Harrison a party defendant, and for other proceedings.