WENDLER *v.* BURNS.

4-9930                                          252 S. W. 2d 821

Opinion delivered December 1, 1952.

*O. D. Longstreth, Jr., Joseph Brooks* and *Dave E. Witt,* for appellant.

*Glenn F. Walther,* for appellee.

ROBINSON, J. This is an appeal from a decree holding that owners of adjoining lots each have an easement over that portion of the other's lot, on which is located a driveway used by both parties.

Appellant is the owner of lot 3, block 22, Park Addition to the City of Little Rock, and appellee is the owner of the adjoining lot 4. The parties live on their respective properties, and between the houses there is a two-strip concrete driveway. Each strip of concrete is two feet in width, and the overall width of the driveway is six and one-half feet. With the exception of the north two feet, all of the driveway is located on lot 4, and the concrete strip thereon is 73.6 feet in length, although the driveway actually extends three feet beyond the paving. Appellant, Wendler, owner of lot 3, attempted to build a fence between the two concrete strips, and appellee filed this suit to enjoin the construction of such fence and alleged that there is an easement in favor of the owner of lot 4 over that part of lot 3 on which the driveway is located. The chancellor held that each of the parties has

such easement. The decree provides: "That this driveway was constructed many years ago by a predecessor in title to lot 4 and has been used as a driveway by and for the convenience of owners of both lots for a period of time in excess of thirty years; that the defendant has constructed a fence along the boundary between the two lots; that a temporary restraining order restraining the defendant from constructing said fence was signed by the Court, but the fence was completed before the order was served; that the plaintiff and her predecessors in title have acquired an easement over the south 2 feet of the west 73.6 feet of lot 3, block 22 of Park Addition and the defendant and her predecessors in title have acquired an easement over the north 4.8 feet of the west 73.6 feet of lot 4, block 22 of Park Addition to the City of Little Rock, Arkansas." We cannot say the chancellor's holding is against the preponderance of the evidence.

Appellee makes no contention that appellant does not have an easement over that portion of the driveway located on lot 4. It is undisputed that the driveway has been located between the two houses since prior to 1919. In that year a fence on lot 3, north of the driveway, was considered by the owners of both lots as being on the property line. In the early part of 1920 Mr. Kilman, who then owned lot 4, removed the fence and built the concrete driveway: A member of the family who owned lot 3, and lived thereon from 1909 until 1929, testified that the driveway was considered as part of lot 4; that her family made no claim to it; that they got permission from Mr. Kilman, the owner of lot 4, to use it. Later, witness' husband agreed to help keep the driveway in repair for the right to use it. Another witness testified that she has known of the existence of the driveway since 1920; that the public has used it since that time in gaining access to both houses. Mrs. Wendler, the appellant, moved into the house on lot 3 in 1935; and bought the property in 1941 or 1942; and has used the driveway ever since she occupied the premises. Sometime after purchasing the property, her husband had a survey made, but it was only about the time of the filing of this suit in

1951 that she attempted to have a fence constructed on the property line.

In the case of *Bond* v. *Stanton,* 182 Ark. 289, 31 S. W. 2d 409, Chief Justice HART said: ''The doctrine that the owner of one lot may acquire an easement over the lot of another by the open, notorious, and adverse use thereof under a claim or right for a period of seven years is well settled in this State. Such adverse use is sufficient to vest the claimant with an easement therein.'' See also *St. Louis Southwestern Ry. Co.* v. *Elmore,* 185 Ark. 364, 47 S. W. 2d 39.

On cross-appeal appellee contends the easement the owner of lot 4 has over lot 3 should be 76.6 feet in length, instead of 73.6 feet, and that the decree should be modified to that extent. We think the evidence sustains appellee's contention. The undisputed evidence is that since 1919 those living on lot 4 have used the driveway to reach the rear thereof, where a garage is located. In order for an automobile to pass between the house on lot 4, and any fence that the owner of lot 3 may construct, the driveway must extend a few feet further east than the point where the concrete ends. In other words, automobiles traveling to the rear portion of lot 4 must have been using about three feet of lot 3 contiguous to the concrete strip. In addition to the fact that a car must use the three-foot strip to get to the garage on lot 4, there is evidence that there are clearly marked tracks which indicate the use of such strip as part of the driveway.

Affirmed on appeal and reversed on cross-appeal.