LANCASTER *v.* ROBINSON.

5-23                                        256 S. W. 2d 330

Opinion delivered March 16, 1953.

Rehearing denied April 20, 1953.

*Ben B. Williamson,* for appellant.

*Chas. F. Cole,* for appellee.

J. SEABORN HOLT, Justice.    Appellants and the Robinsons entered into the following contract: "This contract entered into on this the 15th day of March, 1950, by and between A. T. Robinson and Grace Robinson, parties of the first part and Darrell Lancaster and Naomi Lancaster, parties of the second part, Witnesseth:

"That the party of the first part hereby agrees to sell and execute a Warranty Deed to the parties of the second part to the following lands in Stone County, Arkansas, to-wit: (describing them) for a consideration of the sum of Four Thousand Five Hundred & No/100 ($4,500.00) of which the sum of $1,500 is being paid as

of this date, and the balance in annual installments of $325.00 and interest at 6%, beginning with the first installment on the 15th day of March, 1951, and the same amount on the 15th day of March each year thereafter until the full amount of $3,000.00 plus interest is paid.

"The party of the second part after having read the terms of this contract hereby agrees to make the down payment of $1,500.00 and the balance as shown above. It being understood that the Deed and Abstract be held by the party of the first part until all payments be made, then to be delivered by the parties of the first part to the parties of the second part. It being further understood that in the event of failure of the parties of the second part to make either of the payments on or before the due date, all become due and payable and this contract becomes null and void and the Deed reverts to the party of the first part, after a period of 30 days of grace has been given. Party of the first part to pay taxes for 1949. Future taxes and insurance to be paid by party of the second part. (Signed) A. T. Robinson, Grace Robinson, Darrell Lancaster, Naomi Lancaster."

Material facts appear not to be in dispute. On January 9, 1951, after the execution of the contract and the down payment of $1,500 by the Lancasters, the Robinsons sold and assigned their interest in the property to Von R. Rosa under a written agreement, which in part provided: "In order for said Von Rosa, as assignee of said contract to carry out the terms thereof, it is necessary that legal title to said lands be conveyed to him in order that he may convey same to said William Darrell Lancaster and Naomi Lancaster upon the compliance with the terms of said contract;

"Now, therefore, we, the said A. T. Robinson and Grace Robinson have this day executed and delivered to said Von Rosa our deed to the lands aforesaid; and I, the said Von Rosa hereby agree to hold same according to the terms of said contract, and upon payment to me of the purchase price therefore as set out, to execute my

Warranty Deed to said lands conveying same to said William Darrell Lancaster and Naomi Lancaster.''

The Lancasters held possession and received rent from the property until May, 1951, in the amount of $280, and on this date Rosa took possession. The Lancasters failed to pay the first installment due March 15, 1951, or within the thirty days grace period thereafter. (In fact, they did not pay the second installment when it became due.)

The Lancasters brought the present suit against the Robinsons to recover the $1,500 down payment, alleging that the Robinsons had breached their contract, ''that under said contract, the deed and abstract were to be held by defendants until the purchase price was paid in full, at which time the deed and abstract were to be delivered to the plaintiffs (Lancasters). Complaint further alleges that the said A. T. Robinson and wife failed and refused to comply with their part of the contract by executing the deed, aforesaid, and thereafter, on January 9, 1951, without the knowledge and/or consent of the plaintiffs, conveyed said lands to one Von R. Rosa and Grace Rosa for a consideration of Three Thousand Dollars ($3,000) cash in hand.''

The Robinsons answered with a general denial and alleged that appellants had breached the contract by failing to pay the first installment.

The present suit was filed March 15, 1951. December 22, 1951, appellee, Rosa, filed motion to be made a party defendant, and on March 19, 1952, the trial court properly granted this motion and allowed Rosa to intervene as a necessary party in interest. See § 27-814, Ark. Stats. 1947, and our holding in *Harrison* v. *Knott,* 219 Ark. 565, 243 S. W. 2d 642.

The case was, by agreement, tried in vacation and final decree was entered of record on May 23, 1952, in favor of appellees. The trial court found that the Lancasters had paid the $1,500 on the contract but had failed to pay the first installment due March 15, 1951, had failed

to pay taxes and keep the property insured as provided in the contract. The decree provided in part: "That on or about the 9th day of January 1951 the defendants, A. T. Robinson and Grace Robinson, assigned and transferred their rights in the sales agreement aforesaid, to the defendant, Von R. Rosa for the consideration of $3,000.00 and at the same time conveyed the lands aforesaid to the said Von R. Rosa. That said Von R. Rosa entered into a written agreement with the said A. T. Robinson whereby he held said lands subject to the terms and provisions of said sales agreement, specifically agreeing to convey said lands to the plaintiffs upon payment to him of the balance due on the purchase price of said lands; that the said Von R. Rosa held title to said lands subject to the terms of said sales agreement.

"That in order to adjudicate the rights of all necessary parties, and in order to do equity herein, the said Von R. Rosa was made a party hereto on March 19, 1952.

"The Court further finds that the defendant, Von R. Rosa, has had possession of said property since May, 1951; that a fair rental value of said property is $20.00 per month; that said Von R. Rosa has paid all taxes and insurance on said property since acquiring said sales agreement and title to said lands; that said Von R. Rosa holds same as a mortgagee in possession.

"It is therefore by the Court considered, ordered and decreed that plaintiffs' prayer for judgment in the sum of $1,500.00 for the initial payment made on said lands, and for $1,500.00 for breach of contract, be, and the same is hereby dismissed; that the defendant Von R. Rosa, as the present owner of said sales agreement and rights thereunder, is given judgment in the amount of $3,000.00, being the balance due on the purchase price of said lands; it is further ordered by the Court that the terms of said sales agreement shall be reinstated providing the plaintiffs pay to the defendant Von R. Rosa, the payments due thereunder for March 15th, 1951 and for March 15th, 1952, plus interest on the total unpaid balance of $3,000.00 at 6% per annum, less the fair rental

value of said property from May 1st, 1951; plus the taxes on said property for 1950 and 1951, and the insurance premiums for the insurance on said property with interest at 6% per annum; and upon payment in full of said sum of $3,000.00 the defendant, Von R. Rosa, is ordered and directed to execute a warranty deed to said plaintiffs in accordance with the terms of said sales agreement.

"In the event the plaintiffs fail to pay the sums adjudged by them to be paid herein, within *60* days after the date of this order, then and in such event, said sales agreement and contract is declared to be null and void, and the rights of said plaintiffs under said contract, and their equity and rights in said lands thereunder are forever foreclosed and barred."

We think the preponderance of the testimony is not against the findings of the trial court. The Robinsons, as indicated, assigned the contract of sale on January 9, 1951, to Von Rosa. This they clearly had the right to do under § 68-801, Ark. Stats. 1947. Such is the effect of our holding in *Corcorren* v. *Sharum,* 141 Ark. 572, 217 S. W. 803, wherein we held: (Headnotes 1 and 2) "1. VENDOR AND PURCHASER—EXECUTORY CONTRACT.—One purchasing land by an executory contract became the equitable owner. 2. VENDOR AND PURCHASER—ASSIGNMENT OF CONTRACT.—An executory contract for the purchase of land is assignable in equity and under Kirby's Dig., § 509, (now § 68-801, above) making all agreements in writing for the payment of money or property or both assignable."

The record reflects that prior to the entry of the above decree, May 23, 1952, and the intervention of Rosa, the Court on the evidence then before it indicated that its findings and conclusions would be in favor of the Lancasters for $1,500 less $280 rent and that they were entitled to a lien on the property.

As we have indicated, these findings were made during the vacation period. Thereafter, and within this vacation period, the court, after allowing Rosa to intervene, reopened the case and in effect reversed its earlier

conclusions by the above final decree of May 23, 1952, which was and is the only final decree made by the court. Section 22-433, Ark. Stats. 1947, provides for vacation decrees, but such decrees do not become final, effective and appealable until filed with the clerk for entry on the record.

In construing the above statute, we said in *Red Bud Realty Company* v. *South*, 145 Ark. 604, 224 S. W. 964: "Under this statute (now § 22-433, Ark. Stats. 1947) a vacation decree does not become effective until it is signed and entered of record, and until it is so entered, it cannot be appealed from, therefore, the time allowed for taking an appeal runs from the date of entry. In this respect a vacation decree differs in effect from one rendered in term time. In the very nature of things, a judgment pronounced by a judge in vacation does not, before entry, have the force and effect of a judgment pronounced by a court duly assembled at the time and place prescribed by law, unless the statute in express terms gives it such force."

Courts have the power "to amend, vacate, or correct decrees rendered in vacation before the expiration of the term of court," *Ingram* v. *Board of Commissioners of Street Improvement District No. 5*, 197 Ark. 404, 123 S. W. 2d 1074.

In view of the equities involved, we modify the decree by directing that appellants be allowed sixty days from the date of this opinion within which to comply with said decree. As so modified, the decree is affirmed.