**David S. STEVENS, et al., Appellants,**

v.

**Harold BARTHOLOMEW, et al., Appellees.**

**No. 12365.**

United States Court of Appeals District of Columbia Circuit.

Argued March 17, 1955.

Decided April 28, 1955.

Mr. J. Joseph Barse, Washington, D. C., with whom Mr. Edward S. Northrop, Washington, D. C., was on the brief, for appellants.

Mr. Oliver Gasch, Principal Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., Thomas L. McKevitt, Attorney, Lands Division, Department of Justice, and William S. Cheatham, General Counsel, National Capital Planning Commission, were on the brief, for appellees.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

## PER CURIAM.

Appellants are the owners of certain parcels of improved realty in Maryland adjoining portions of Rock Creek Park in that State. As plaintiffs in the District Court they sued to enjoin the members of the National Capital Planning Commission, herein referred to as the National Commission,[1] from approving any further plans submitted to it by the Maryland-National Capital Park and Planning Commission for locating a segment of the "Inter-County Belt" highway through those portions of the Park adjoining their properties.

The first count of the complaint alleges that in approving such plans the National Commission exceeded its authority under both the Capper-Cramton Act[2] and a "Basic Agreement" entered into pursuant thereto by the National Commission's predecessor with the Maryland-National Capital Park and Planning Commission.[3] It is alleged that both statute and agreement authorize the National Commission to approve only such plans as are not inconsistent with the use of the land for park purposes and that the proposed highway is not a park purpose and would constitute a diversion of the lands from their authorized use.

The second count alleges that plaintiffs purchased their property in reliance upon a restrictive covenant contained in the conveyance by which the Maryland Commission holds title to the park lands in question, which covenant allegedly requires that the lands be used "exclusively for park and parkway purposes", and that the National Commission's approval of the plans submitted by the Maryland Commission constitutes a breach of this restriction. Plaintiffs pray that the National Commission be ordered to notify the Maryland Commission and the Maryland State Roads Commission "that such

---

1. Created by 66 Stat. 782, 40 U.S.C.A. § 71 et seq., as successor to National Capital Park and Planning Commission, created by 44 Stat. 374.

2. 43 Stat. 463, as amended, 40 U.S.C.A. §§ 71-74a.

3. Created by Chapter 448, Laws of Maryland of 1927, and authorized by Chapter 370, Laws of Maryland of 1931, to contract with the National Commission to obtain such funds as are available under the Capper-Cramton Act.

highway may not be located and constructed upon such park lands."

The National Commission moved to dismiss the complaint or in the alternative for summary judgment. Holding that the approval by the National Commission of the challenged plans was within its statutory authority, the court dismissed the complaint, followed by this appeal.

By the terms of the "Basic Agreement" under which the National Commission has acted in approving the plans, and which is referred to in the complaint and is a part of the record, the control, use, development and maintenance of the acquired lands are entrusted to the Maryland Commission and other Maryland authorities. The role of the National Commission is chiefly one of approval and financial aid. The agreement requires it to make certain advances and contributions to the Maryland Commission to aid the latter in acquiring lands to be used and developed for park purposes "in accordance with plans approved by the National Commission, or the necessary approval of the Congress of the United States." Title to the lands so acquired is to vest in the State of Maryland and their development and administration is to be under the Maryland Commission, but "no part of any land purchased * * * shall at any time be * * * used or developed for other than park purposes by the Maryland Commission".

Since the litigation seeks to declare invalid and to enjoin the National Commission from continuing to approve plans for a project which will in fact be built and maintained by the Maryland Commission and other Maryland authorities we think the questions involved ought not to be decided without opportunity to the Maryland Commission to be heard as a party if that is possible. Heyward v. Public Housing Administration, 94 U.S.App.D.C. ——, 214 F.2d 222. We do not now decide that the Maryland Commission is an indispensable party [4] but that it is at least a conditionally necessary party within the meaning of Rule 19(b), Fed.R.Civ.P., 28 U.S.C.A. This being so the District Court should have declined to proceed in the absence of the Maryland Commission. Should the plaintiffs be unable to obtain a decision on the merits in other litigation, the subsequent exercise of jurisdiction by the District Court, even in the absence of the Maryland Commission, is not necessarily foreclosed. The question whether that Commission is indispensable as a party would then be open for decision.

The order appealed from is vacated and the case is remanded to the District Court with directions to dismiss the complaint, without prejudice, on the ground jurisdiction should not now be entertained in the absence of the Maryland Commission as a party.

It is so ordered.

4. As bearing on this, however, see Balter v. Ickes, 67 App.D.C. 112, 89 F.2d 856, certiorari denied, 301 U.S. 709, 57 S.Ct. 941, 81 L.Ed. 1363; Harrison v. Knott, 219 Ark. 565, 243 S.W.2d 642, 28 A.L.R. 2d 405; Mulvany v. Kennedy, 26 Pa. 44; Methvin v. Haynes, 254 Ala. 58, 46 So.2d 815.