Claude PARKS et ux., Appellants,

v.

HILL COUNTY, Appellee,

No. 4306.

Court of Civil Appeals of Texas.

Waco.

Feb. 11, 1965.

Carl E. Mason, Waco, for appellants.

Steve Latham, Whitney, for appellee.

WILSON, Justice.

A mandatory injunction was issued on the petition of Hill County directing appellants to remove a gate they had erected across a road. The decree, following a non-jury trial, permanently restrained them also from placing any other obstruction on the road.

Appellants' pleaded defense was that they had sold the land transected by the road and no longer occupied it. They now say that since they were no longer "living on the land or attempting to exercise any control over" the obstruction the court erred in rendering judgment against them.

Appellants were proper parties and were properly enjoined. One who creates and is primarily responsible for an ob-

struction to an easement or public way may be joined as defendant in such a case as this "whether he has any interest in the premises on which the easement is located or not." 28 C.J.S. Easements § 109, p. 802; 28 A.L.R.2d 412; Alabama Power Co. v. Ray, 260 Ala. 506, 71 So.2d 91; Harrison v. Knott, 219 Ark. 565, 243 S.W.2d 642, 643, 28 A.L.R.2d 405; Hardin v. Sin Claire, 115 Cal. 460, 47 P. 363. See Rule 683, Texas Rules of Civil Procedure. As vendor's lien holders, also, appellants had such interest as made it proper that the relief be decreed against them. 28 A.L.R.2d 411.

■ It is said the present owners of the land were necessary parties to the action pertaining to the obstruction erected by appellants. Their non-joinder was not questioned by appellants' pleading in the trial court, and may not here first be urged. Tex-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162, 165, 68 A.L.R.2d 1062; Broadway Plan v. Ravenstein, Tex.Civ. App., 364 S.W.2d 741, writ ref. n. r. e.

Reversal is asked because it is said the road has never been classified, but would have been classified as a third-class road. We assume the argument implied is that since Art. 6712 Vernon's Ann.Civ.St. authorizes owners of land to erect gates across roads classified by the Commissioners Court under Art. 6704, V.A.C.S. as third-class, and since one of the Hill County commissioners testified he would classify the road as "class three," the obstruction complained of was authorized.

The contention is untenable for these reasons:

■ (a) Art. 6704 prescribes as a classification requirement that third-class roads be not less than 20 feet wide, and the width of first-class and second-class roads be not less than 40 feet. We find no evidence in the record the Commissioners Court had not classified the road. The precinct commissioner testified on cross-examination that he was "at a loss as far as classification" was concerned; that "the only way we try to determine that is through" use— "the road that carries the most traffic"; that he "wouldn't know how to bracket or how many classes or degrees that you would set up"; that if there were three classes, he would put the road's north end near the obstruction "as class three," the lowest class of roads the county maintains, but would not know how many classes to establish. He testified, "I am a little lost on classification. I wouldn't classify." The witness was obviously not referring to the statutory numerical classes, and this testimony will not support the assumption that he would classify the road as being one of the third class contemplated by the statute.

■ (b) If it may be argued that the commissioner's testimony justifies appellants' premise, "the individual commissioners have no authority to bind the county by their separate action". Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 455. The road classification must be done by the Court, which can act only as a body and speak only through its minutes. Gano v. Palo Pinto County, 71 Tex. 99, 8 S.W. 634, 635.

■ (c) The varied and inconsistent testimony of the several witnesses was that the road was from 25 to 70 feet wide. Appellant himself testified, however, that he had measured the road and it was from 40 to 60 feet wide, "some might run 70 feet." He is bound by this testimony. United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224, writ ref.; McCormick & Ray, Texas Law of Evidence, Sec. 1127.

■ (d) There are no findings of fact and there is no request for findings. It is presumed the court found in support of the judgment that the gate was not erected across a third-class road. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

(e) Appellants pleaded that when they sold the land they retained a vendor's lien and thereby had a real interest in maintenance of the road as a public road; and "to this end these defendants join the plaintiff, Hill County, in its efforts to keep the said road open". They joined in the prayer that the present owners be prohibited from erecting or maintaining any obstruction on the road. The obstructions by the other owners sought to be enjoined likewise consisted of gates. The construction appellants placed on these pleadings in the trial court is that the gates were not authorized by the width of the road. They are required to adhere to that construction here. 3 Tex.Jur.2d, Secs. 370, p. 629; 373, p. 632; 374, p. 634.

It is insisted finally that the road lost the quality of a public road when a portion beyond the obstruction was abandoned by the public after its inundation by Lake Whitney and the construction of a substitute road. Appellants pleaded the road was "a public road" at the time of trial. An inconsistent ground of defense may not now be urged. Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900, 908; 3 Tex. Jur.2d Sec. 371, p. 629.

The judgment is affirmed.