The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, Arkansas 72936
Dear Representative Wilkinson:
This opinion is being issued in response to your recent question regarding access to cemeteries. You indicate that one of your constituents, Mr. Foy Brown, purchased property on which a cemetery is situated, and that the State of Arkansas has blocked the only right of way or access to the cemetery by the construction of a four lane highway. You have presented the following question:
Can access to a cemetery be cut off?
It is my opinion that the answer to your question will depend upon the nature of the cemetery to which access has been blocked.
Arkansas law prohibits blocking access to certain cemeteries. A.C.A. §5-39-212 states:
 (a) It shall be unlawful for any person, firm, corporation, partnership, or association to:
 (1) Construct any fence[1] on any property in such manner as to enclose any cemetery unless suitable access by automobile to the cemetery is provided by gate or otherwise. The word "cemetery", as used in this subsection, is not intended to apply to any private family burial plot which contains fewer than five (5) commercial grave markers.
A.C.A. § 5-39-212(a)(1). (Persons who violate this provision are guilty of a misdemeanor and are subject to a fine ranging from $10.00 to $100.00. Every day that the violation exists constitutes a separate offense.)
Whether or not the cemetery that is situated on Mr. Brown's property will come within the protection provided by A.C.A. § 5-39-212 will depend, clearly, upon whether the cemetery is a private family burial plot which contains fewer than five commercial grave markers. Arkansas law does not specifically prohibit the blocking of access to the types of cemeteries that are not protected by A.C.A. § 5-39-212.
If the cemetery does not come within the protection of A.C.A. §5-39-212, general real property law may provide some private avenue of relief. For example, the documents reflecting the state's right-of-way on Mr. Brown's property may address the question of access to the cemetery. Even if the documents do not address this question, Mr. Brown or others may have standing to assert the existence of a prescriptive easement over the state's right-of-way. See St. Louis Southwestern Ry. Co. v. Elmore,185 Ark. 364, 47 S.W.2d 39 (1932). For legal advice regarding the possibility of these or other such claims, Mr. Brown should consult his private counsel.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
[1] Although the language of this provision appears to prohibit only the construction of fences that block access to cemeteries, this office has previously opined that the legislative intent, as reflected in the emergency clause of the original act in which this provision appeared (Act 108 of 1955), was to prohibit the blocking of access to cemeteries generally. See Ops. Att'y Gen. No. 87-217.